IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| EUGENE J. NELSON and LISA J. NELSON, as Parents and Next Friends of C.N., a Minor, | CASE NO. _____ |
| Plaintiffs, | |
| vs. | COMPLAINT AND JURY DEMAND |
| CHARLES CITY COMMUNITY SCHOOL DISTRICT, | |
| Defendant. | |

COME NOW the Plaintiffs, Eugene J. and Lisa J. Nelson, as Parents and Next Friends of C.N., a Minor, and, by and through counsel, state their claim against the Charles City Community School District as follows:

**JURISDICTION**

1. This action is instituted pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331.

2. The Defendant school district is located in the Northern District of Iowa, where the Plaintiffs also reside. Also, a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Iowa. Venue is proper in the Northern District of Iowa pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

3. Eugene J. and Lisa J. Nelson are citizens and residents of Charles City, Floyd County, Iowa, and are the parents and next friends of C.N., a minor child.

4. The Charles City Community School District is a school corporation duly formed under the laws of the State of Iowa and existing within the boundaries of the Northern District of Iowa.

## GENERAL ALLEGATIONS

5. In the 2013-2014 school year, C.N. spent her 9th grade year at Charles City Community School District.

6. C.N. suffers from depression and polycystic ovarian syndrome.

7. She has treated with a physician for those conditions, and she has been prescribed medicine for those conditions.

8. When C.N.'s parents registered her for school in the Charles City Community School District, they made the Charles City Community School District aware that C.N. suffers from depression and polycystic ovarian syndrome.

9. On April 28, 2014, C.N. was on the school bus when she attempted to sit down next to a friend. The friend pushed C.N., and C.N. fell onto the floor of the bus.

10. This April 28, 2014, incident embarrassed and humiliated C.N. She did not want to return to school following that incident.

11. Contemporaneously, C.N. experienced a worsening of her preexisting depression. She found it difficult even to get up out of bed.

12. Officials from the Charles City Community School District met with C.N. and her family about her resulting absence from school. The Charles City Community School District dealt with the matter as a truancy issue and not as an accommodation-of-disability issue.

13. C.N. sought and received treatment for her worsened depression, but her condition did not improve.

14. Beginning in May 2014, truancy mediations followed in which the Charles City Community School District and C.N. and her family discussed ways to try to get C.N. back to school.

15. Finally, in a July 2014 truancy mediation, Charles City Community School District officials encouraged C.N. and her family to apply to the Iowa Connections Academy, which was an on-line educational service of the CAM Community School District.

16. A Charles City Community School District assistant principal even wrote a letter to help get C.N. enrolled in the on-line school.

17. In expectation of C.N.'s impending enrollment with an on-line educational service, C.N.'s family purchased a laptop and internet connection.

18. No Charles City Community School District mentioned any on-line educational programming available through the Charles City Community School District.

19. C.N.'s mother applied on C.N.'s behalf to the Iowa Virtual Academy, an on-line educational service of the Clayton Ridge Community School District similar to the Iowa Connections Academy.

20. On July 26, 2014, C.N.'s parents filed an application for open enrollment from the Charles City Community School District to the Clayton Ridge Community School District in expectation of C.N.'s attendance at the Iowa Virtual Academy.

21. That open-enrollment application stated that C.N. "was bullied [that is, while attending the Charles City Community School District], but more importantly

[C.N.] has health issues that interfere with her attendance, PCOS [that is, polycystic ovarian syndrome] and depression."

22. An assistant principal with the Charles City Community School District helped C.N.'s mother fax the open-enrollment application to Clayton Ridge on August 20, 2014.

23. On August 25, 2014, the superintendent of the Charles City Community School District wrote C.N.'s parents a letter notifying them that he would be recommending that the open-enrollment application be denied. His reason for the recommendation was that it came after the March 1, 2014, statutory deadline for such applications. The Charles City Community School District superintendent wrote in the same letter that he had asked the same assistant principal who had helped C.N.'s mother fax the open-enrollment application to Clayton Ridge on August 20, 2014, to instead provide C.N.'s family with information about the Charles City Community School District's on-line educational programming. The Charles City Community School District superintendent informed C.N.'s parents that they had a right to a hearing before the school board on the harassment/bullying issue, but he made no mention of the health issues which were the primary motivation of the open-enrollment application.

24. Upon receiving the superintendent's letter, C.N.'s mother went to the superintendent's office to insist that he sign off on the open-enrollment application. He refused and demanded she leave his office or else he would call the police to remove her.

25. A hearing was set on the open-enrollment application for September 2, 2014. According to the notice sent to C.N.'s family, the issue to be discussed in the hearing was the issue of harassment/bullying, but, again, no mention was made of the health issues which were the primary motivation of the open-enrollment application.

26. The school board did not discuss C.N.'s health issues at the September 2, 2014, hearing on the open-enrollment application, focusing instead on the issue of harassment/bullying.

27. After the hearing, the school board, at the superintendent's recommendation, voted to deny C.N.'s open-enrollment application, reasoning that C.N.'s family had failed to show pervasive harassment/bullying and that the Charles City Community School District offered on-line educational programming similar to Clayton Ridge's Iowa Virtual Academy.

28. However, the Charles City Community School District had tacitly admitted that its on-line educational programming could not meet C.N.'s needs when, during a truancy mediation, its officials (1) actively encouraged C.N.'s family apply to another school district's on-line educational service; and (2) urged C.N.'s family to file an application for open-enrollment out of the Charles City Community School District for attendance at another school district's on-line educational service notwithstanding the March 1, 2014, statutory deadline for such applications.

29. The Iowa State Board of Education reversed the Charles City Community School District's denial of C.N.'s open-enrollment application effective February 11, 2015; however, until that time, C.N. was not enrolled in school at all in the 2014-2015 school year, missing out on important educational opportunities that cannot now be recovered.

### COUNT I:
### Violation of Section 504 of
### The Rehabilitation Act of 1973

30. The Plaintiffs restate the allegations of ¶¶ 1-19, *supra*, and incorporate the same by reference herein.

31. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance [.]

32. C.N. is a qualified individual with a disability within the meaning of 29 U.S.C. § 705(20) in that her aforementioned disabilities substantially limit her major life activities.

33. The Charles City Community School District is the recipient of federal financial assistance in the operation of its schools.

34. In violation of § 504, the Charles City Community School District failed to make reasonable accommodations to enable C.N. to receive education free from discrimination based upon her disabilities.

35. Because of the Charles City Community School District's failure to provide reasonable accommodation to C.N., C.N. has suffered damages.

36. This action seeks monetary damages. Monetary damages are not available under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* the Plaintiffs are therefore relieved of any requirement to exhaust any administrative remedy as stated by 20 U.S.C. § 1415(l).

WHEREFORE, the Plaintiffs, Eugene J. and Lisa J. Nelson, as Parents and Next Friends of C.N., a Minor, pray for a judgment in their favor against the Defendant, the Charles City Community School District, in an amount that will fairly and adequately compensate them for the injuries and damages C.N. has stated herein, as well as for attorneys' fees and the costs of this action, including expert witness fees, and any and all

relief that may be just and equitable under the circumstances and consistent with the purposes of Section 504 of the Rehabilitation Act of 1973.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand that a jury be empaneled to decide all issues triable to a jury in this matter.

>Respectfully Submitted,
>
>DUTTON, BRAUN, STAACK
>& HELLMAN, P.L.C.
>Attorneys for Plaintiff
>
>BY:   \s\ Erin P. Lyons
>Erin Patrick Lyons, AT0004800
>3151 Brockway Road
>P.O. Box 810
>Waterloo, IA 50704
>(319) 234-4471
>(319) 234-8029 FAX
>lyonse@wloolaw.com

i:\lit\nelson.lisa\pleadings\complaint and jury demand.docx