# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

EUGENE J. NELSON and LISA J. NELSON, as Parents and Next Friends of C.N., a Minor,

    Plaintiff,

vs.

CHARLES CITY COMMUNITY SCHOOL DISTRICT,

    Defendant.

No. 15 cv 2074 EJM

ORDER

Before the court is (1) defendant's resisted motion for summary judgment, and (2) plaintiffs' resisted motion for partial summary judgment, both filed September 23, 2016. Defendant's motion granted. Plaintiffs' motion denied as moot.

Plaintiffs, who are parents and next friends of Minor C.N., bring this action against defendant Charles City Community School District (CCCSD) under the Rehabilitation Act, 29 U.S.C. §794 for allegedly failing to provide a reasonable educational alternative to accommodate the disabilities of their daughter. Jurisdiction is under 28 U.S.C. §1331.

Movants for summary judgment "bear the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." PSK, LLC v. Hicklin, 757 F.Supp.2d 836 (N.D.Iowa 2010), citing Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005.) Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed.R.Civ.Pro. 56(c). A court considering a motion for summary judgment must view all the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of all reasonable inferences that can be drawn from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986.)

Defendant seeks summary judgment on a variety of theories, first, failure to exhaust administrative remedies. Plaintiffs' complaint is pled in one count that CCCSD violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (Rehabilitation Act), by failing to make reasonable accommodations to enable C.N. to receive education free from discrimination based upon her disabilities of Polycystic Ovarian Syndrome (PCOS) and depression.

Plaintiffs claim that, as a result of the allegedly discriminatory conduct on the part of the CCCSD, C.N. has suffered damages and seek the award of "an amount that will fairly and adequately compensate them for the injuries and damages...as well as for attorney's fees and the costs of this action, including expert witness fees, and any and all relief that may be just and equitable under the circumstances." (Complaint 35.) More specifically, plaintiffs have stated that they are seeking compensatory damages on behalf of C.N. for loss of future earning capacity "for having to seek a high school equivalency certificate in lieu of a high school diploma," along with past and future emotional distress. (Pl. Supp. Answer to Interrogatory No. 13, App. 80-81).

Section 504 of the Rehabilitation Act prohibits discrimination on the basis of handicap in programs receiving federal financial assistance. 29 U.S.C. §794(a). It provides in relevant part that "no otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." MP. ex rel K. v. Independent School District No. 721, 326 F.3d 975, 981 (8th Cir. 2003).

Most cases of school children with disabilities seeking an accommodation from a local school district are brought under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400, et seq., either by itself or together with the Rehabilitation Act. The purpose of the IDEA is to ensure that all children with disabilities have available to them a Free Appropriate Public Education (FAPE) that emphasizes special education and related services designed to meet their unique needs. 20 U.S.C. §1400(d)(l)(A). Under the IDEA, a state is eligible for federal funding if it complies with several requirements, all aimed at protecting the rights of students with disabilities and their parents. The main requirement is that states make available a FAPE to children with disabilities. 20 U.S.C. §1412(a)(l).

Under the IDEA, states must comply with detailed procedures for identifying, evaluating, and making placements for students with disabilities, as well as procedures for developing Individualized Education Programs (IEPs.) They must also implement specified procedural safeguards to ensure children with disabilities and their parents are provided with due process. These safeguards, known collectively as the IDEA's administrative process, provide parents with an avenue to file a complaint and to participate in an impartial due process hearing with respect to "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. §1415(b)(6)(A). Batchelor v. Rose Tree Media School District, 759 F.3d 266, 271-272, (3rd Cir. 2014).

Following exhaustion of the IDEA's administrative process, the IDEA affords any party aggrieved by the findings and decisions made during or pursuant to the impartial due process hearing an opportunity for judicial review. After examining the administrative record and hearing additional evidence at the request of either party, the reviewing court is authorized to grant such relief as it determines is appropriate based on the preponderance of the evidence. These remedies include, *inter alia*, attorneys' fees, reimbursement for a private educational placement, and compensatory education. *Id.* at 272, citing 20 U.S.C. §1415(i).

The Rehabilitation Act itself does not provide any administrative claim process or require that any administrative remedies be exhausted before bringing suit. However, Congress has explicitly required that the administrative remedies provided by the IDEA must be exhausted before a Rehabilitation Act suit like this one may be filed. Specifically, 20 U.S.C. §1415(1) provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A §12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A §790 et seq.], or other Federal laws protecting the rights of children with disabilities, except that **before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.**

JB. ex re. Bailey v. Avilla R-XIII School District, 721 F.3d 588, 592-593 (8th Cir. 2013).

Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate

4

for judicial review. Id. at 594, citing Bowen v. City of New York, 476 U.S. 467, 484, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

In this case, plaintiffs contend that they are relieved of the exhaustion requirement because they are seeking monetary damages, which are not available under the IDEA. (Complaint §36, App. 6). However, the statutory requirement contemplates cases like this under both the IDEA and the Rehabilitation Act, and still requires exhaustion of administrative remedies. J.B., 721 F.3d at 595. Polera v. Board of Education of Newburgh Enlarged City School District, 288 F.3d 478, 484 (2nd Cir. 2002).

The law is clear that parents cannot ignore remedies available under the IDEA and insist on those of their own devising. Batchelor, 759 F.3d at 276 (quoting Charlie F. v. Board of Education of Skokie School District, 98 F.3d 989, 992 (7th Cir. 1996)). The nature of the claim, i.e. what statute the cause of action fell under, not the type of relief claimed, determine whether the exhaustion requirement under §1415(1) applies. Charlie F., 98 F.3d at 991-992.

Courts have found that exhaustion of IDEA remedies is required because "the IDEA's exhaustion requirement was intended to channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in the area and promptly resolve grievances." Polera, 288 F.3d at 487, stating "plaintiffs were not permitted to evade the IDEA's exhaustion requirement merely by tacking on a request for money damages." According to the court in Polera:

> The IDEA is intended to remedy precisely the sort of claim made by Polera: that a school district failed to provide her with appropriate educational services. **The fact that Polera seeks damages, in addition to relief that**

5

**is available under the IDEA, does not enable her to sidestep the exhaustion requirements of the IDEA.**

Id. at 488. (emphasis supplied.) As the court put it in Charlie F., 98 F.3d at 993, "we are unwilling to allow parents to opt out of the IDEA by proclaiming that it does not offer them anything they value." S.D. v. Haddon Heights Board of Education, 533 F.3d 389 (3rd Cir. 2015); Fry v. Napoleon Comm. Sch., 788 F.3d 622 (6th Cir. 2015.) What relief is "available" does not necessarily depend on what the aggrieved party wants. Pursuant to Fed. R. Civ. P. 54(c), a final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

Defendant has shown that as a matter of law plaintiffs have failed to exhaust their administrative remedies in this case. In light of that finding, the court need not reach either the other grounds of defendant's motion, or plaintiffs' motion.

It is therefore

ORDERED

Defendant's motion for summary judgment granted. Plaintiffs' motion for partial summary judgment denied as moot. Judgment for defendant.

November 4, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT